FEDERAL DEPOSIT INSURANCE CORPORATION, as Successor in Interest to Security Savings, Bailey Mortgage Company, Security Federal Savings and Loan Association; and H.C. Bailey, Jr., et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

Nos. 92–577 C, 92–817 C.

United States Court of Federal Claims.

April 12, 2002.

Richard M. Schwartz, Washington, DC, counsel of record for Plaintiff. John M. Dorsey, Dorothy A. Doherty, and Richard Gill, of counsel.

Mary C. Gill, Atlanta, GA, counsel of record for Shareholder Plaintiffs. Alan W. Perry, Jackson, MS, of counsel.

William F. Ryan, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, counsel of record for Defendant, with whom were Jeanne E. Davidson, Assistant Director, David M. Cohen, Director; and Stuart E. Schiffer, Deputy Assistant Attorney General. James L. Anderson, Gregory R. Firehock, Daniel D. McClain, Thomas P. Reilly, Patricia A. Smith, of counsel.

## OPINION

DAMICH, Judge.

This case is before the Court on Plaintiff Federal Deposit Insurance Corporation's ("FDIC") motion for partial summary judgment as to takings claims, Defendant's cross-motion for summary judgment as to all Plaintiffs' takings claims, and Plaintiff FDIC's due process claim.

This is a long-standing *Winstar*-related case. Plaintiff FDIC, as successor-in-interest to Security Savings & Loan Association of Jackson, Mississippi ("Security Savings"), seeks compensation for the elimination of Defendant's contractual promises by the Federal Savings and Loan Insurance Corporation ("FSLIC") to Security Savings that permitted it to count supervisory goodwill and other items including FSLIC cash contributions and income capital certificates towards its regulatory capital requirements. These contractual obligations were eliminated by the passage of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub.L. 101–73, 103 Stat. 183, and its implementing regulations.

Plaintiff FDIC alleges that the elimination of these contractual obligations resulted in a taking of a property right and it is therefore entitled to just compensation pursuant to the Fifth Amendment of the U.S. Constitution. These contracts are discussed in further detail in the Court's opinion in *F.D.I.C v. United States,* 47 Fed.Cl. 2, 4–5 (2000).

On December 21, 2001, the Court issued an opinion which held, following the Federal Circuit's decisions in *Landmark Land Company v. United States,* 256 F.3d 1365 (Fed. Cir.2001) and *Glass v. United States,* 258 F.3d 1349 (Fed.Cir.2001), that Plaintiff FDIC did not possess standing under Article III of the United States Constitution because its contract claims did not present a "Case" or "Controversy." *F.D.I.C. v. United States,* 51 Fed.Cl. 265, 272 (2001). The basis for this holding was that Plaintiff FDIC, as manager of the FSLIC Resolution Fund ("FRF"), through a series of transactions and by operation of statute, serves as both payer of any judgment in this case and creditor of Security. Because any damages that Plaintiff FDIC might receive would only be used by the FRF to pay the subrogated claim of the FRF and no one else, no adverse relationship existed between it and any third party. *See id.* at 266–69 (describing the chain of ownership of the goodwill claims, the components of the subrogated claim of the FRF, and the distribution scheme of damages.)

Additionally, in that decision, the Court also held that Plaintiff FDIC's claim for the "receivership deficit" of Security, i.e., the shortfall that occurred after the Resolution Trust Corporation made deposit insurance payments for the benefit of the former depositors of Security, presented a non-justiciable intra-governmental dispute because it was a claim of the Government and not a claim of the Thrift. *Id.* at 269–70.

Finally, the Court also held that Plaintiff FDIC could not establish a case or controversy for its contract claims by means of a controversy between it and other Plaintiffs in this case. *Id.* at 276–77.

Plaintiff FDIC is entitled to raise its disagreement with the above-enumerated holdings of the Court, if for no other reason than it will not be precluded from making similar arguments on appeal. Nevertheless, Plaintiff FDIC fails to make any meaningful distinction between its standing with respect to its takings claims as opposed to its contract claims. Therefore, the holdings of this decision are equally applicable to Plaintiff FDIC's takings claims as they are to its contract claims.

Applying the holdings described above to Plaintiff FDIC's takings claims, it is clear that Plaintiff FDIC does not have standing to pursue them in this Court. Excluding the receivership deficit to which it is not entitled, Plaintiff FDIC at most can recover $19.6 million including interest. Pl. FDIC's Mot. at 26. If the 1–year constant maturity Treasury yield for the years 1990 through 1991 were applied to the $19.6 million figure and the interest were compounded, the amount of compensation would total approximately $36.4 million. Def.'s Mot. at App. 122. This amount is far less than the subrogated claim of the FRF, which totals in excess of $66 million. *F.D.I.C.,* 51 Fed.Cl. at 268. Because any damages awarded to Plaintiff FDIC would exceed the subrogated claim of the FRF, no case or controversy exists between Plaintiff FDIC and Defendant. Accordingly, Plaintiff FDIC lacks Article III standing to pursue this case.

Because Plaintiff FDIC does not contest dismissal of its due process claim and also because it lacks standing to pursue its takings claims, Defendant's cross-motion for summary judgment, with respect to the takings claim and the due process claim of Plaintiff FDIC, is GRANTED and Plaintiff FDIC's motion for partial summary judgment as to its takings claims is DENIED. Plaintiff FDIC is hereby dismissed from the consolidated proceedings. Final judgment shall not be entered until the remainder of Defendant's cross-motion for summary judgment and the Shareholder Plaintiffs' motion for partial summary judgment as to takings are resolved.